IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WALTER LEE GILBERT, a/k/a**                                                                      **PETITIONER**
**LAMARCUS LEE HILLARD, # 99903-555**

**VERSUS**                                       **CIVIL ACTION NO. 3:16cv383-CWR-FKB**

**PEOPLE OF THE STATE OF MISSISSIPPI**                                      **RESPONDENT**

<u>**MEMORANDUM OPINION AND ORDER OF DISMISSAL**</u>

      This matter is before the Court *sua sponte*. *Pro se* Petitioner Walter Lee Gilbert, also known as Lamarcus Lee Hillard, is incarcerated with the Bureau of Prisons ("BOP") on behalf of the Mississippi Department of Corrections ("MDOC"). He seeks writs of mandamus ordering (1) the state trial court to change his name, date of birth, and social security number on his sentencing order and other court records and (2) the BOP to change the same in his prison file. The Court has considered and liberally construed the pleadings. For the reasons set forth below, the Court finds that this case should be dismissed.

**BACKGROUND**

      Petitioner alleges he was convicted in Mississippi and was sentenced to twenty-five years in the custody of MDOC. Eventually, MDOC transferred him to the BOP, which agreed to house him on MDOC's behalf. He is currently housed at the administrative, maximum security United States Penitentiary in Florence, Colorado.

      Petitioner claims that even though his name is really Walter Lee Gilbert, he was sentenced under the alias of Lamarcus Lee Hillard. Furthermore, he alleges that he was sentenced under the wrong birth date and social security number. As a result he complains that his prison records are

likewise incorrect. He alleges that he filed a grievance with the BOP to have it correct his prison records, but the BOP denied his request.

Petitioner contends that this allegedly incorrect information by Respondent State of Mississippi has abridged his constitutional rights as well as the Religious Land Use and Institutionalized Persons Act. First, he claims it violates his right to practice his religion, which he identifies as Animism. Specifically, "his Animism faith requires his natural birth name on all records in order to obtain one of the divine attributes from his congregation, and [Petitioner] finds (misnomer) [sic] name offensive to his Animism teachings as a Nuwaupian." (Pet. at 4). Second, he claims it interferes with his right to receive his mail, because the BOP will not deliver mail addressed to him as Gilbert, as opposed to Hillard.

On May 23, 2016, Petitioner filed a Petition for Writ of Mandamus in this Court and paid a $5.00 filing fee. He asks the Court to order the state trial court to correct its records and to order the BOP to likewise change its records.

This is not the first case Petitioner has filed requesting the BOP to change his name, date of birth, and social security number in its records. *Gilbert v. Fox*, No. 1:16cv914 (D. Colo. June 9, 2016) ("*Fox II*"); *Gilbert v. Fox*, No. 1:16cv354, 2016 U.S. Dist. LEXIS 33095 (D. Colo. Mar. 11, 2016); *Gilbert v. Miss. Dep't of Corrs.*, 3:15cv344-CWR-FKB, 2015 U.S. Dist. LEXIS 96266 (S.D. Miss. Jul. 23, 2015). One such case was filed in this Court on May 7, 2015, as a Petition for Writ of Habeas Corpus. *Id.* The Court dismissed that case, finding it raised conditions of confinement claims, not cognizable in habeas. *Id.* at *4. Less than a year later, Petitioner received the identical ruling from the District of Colorado. *Fox II*, No. 1:16cv914 at 2-5.

**DISCUSSION**

When a petition for mandamus is filed, it is considered a type of appeal. *In re Crittendom*, 143 F.3d 919, 920 (5th Cir. 1998). Therefore, the court looks to the underlying action to determine if it is a civil action, in which case the Prison Litigation Reform Act ("PLRA") applies, or if it is a criminal or habeas matter, in which case the PLRA is inapplicable. *Id.* The PLRA does not apply to writs of mandamus directed at judges conducting criminal trials. *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997).

Petitioner seeks two writs of mandamus, one to correct his court records and one to correct his prison records.

<u>CORRECTION OF COURT RECORDS</u>

As to Petitioner's request for the state court to correct its records in Petitioner's criminal case, including the sentencing order, the underlying action is clearly a criminal one. To this extent, the request for mandamus relief is not characterized as a civil action, and the PLRA does not apply.

Because the underlying matter is criminal, the filing fee provision for habeas corpus applies. *In re Stone*, 118 F.3d 1032, 1033-34 (5th Cir. 1997); *Grogan v. Texas*, No. 6:14cv297, 2014 U.S. Dist. LEXIS 93252 at *2 (E.D. Tex. June 18, 2014) ($5 filing fee for mandamus directing state court to hear criminal appeal); *Patterson v. Texas*, No. 3:13cv3786, 2013 U.S. Dist. LEXIS 171057 at *1-2 (N.D. Tex. Nov. 1, 2013) ($5 filing fee for mandamus directing state court to provide copies of pleadings in a criminal case). Petitioner has paid the $5.00 filing fee.

Nevertheless, this Court, "lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb Cnty. Super. Ct.*, 474 F.2d 1275-76 (5th Cir. 1973). For instance,

when a state prisoner asked the district court to force the state court to hear his state application for post-conviction relief, the case was dismissed for lack of jurisdiction. *Santee*, 115 F.3d at 356. Santee alleged that he had filed a state application for writ of habeas with the Louisiana Supreme Court, which dismissed the application as time-barred. *Id.* He wanted the United States District Court for the Eastern District of Louisiana to order the state court to hear his state habeas action on the merits. *Id.* The Fifth Circuit Court of Appeals affirmed the dismissal for lack of jurisdiction, among other things. *Id.*

Likewise, Petitioner asks the Court to direct the state trial court in the performance of its duties to enter a sentencing order and maintain its docket and case files. Petitioner essentially appeals his sentencing order, and he wants this Court to force the state trial court to amend that order, as well as the entire court record associated with Petitioner's criminal case. Mandamus is the only relief sought. The Court therefore finds that it lacks jurisdiction to provide the mandamus relief requested.

CORRECTION OF BOP RECORDS

As for Petitioner's request that the BOP be ordered to correct its records, he is appealing its denial of his request that the BOP change certain data in his prison records. This clearly involves an underlying civil action. In fact, the Court has already ruled that this claim concerns the conditions of his confinement. *Gilbert*, No. 3:15cv344-CWR-FKB, 2015 U.S. Dist. LEXIS 96266 at *4. This was a final judgment, which Petitioner did not appeal.

The Fifth Circuit examined a similar mandamus request for the BOP to "correct inaccurate information in [an inmate's] prison file." *Scott v. New*, 387 F. App'x 469, 469 (5th Cir. Jul. 10, 2010). The district court had granted the inmate permission to proceed *in forma pauperis*, assessed

him a $350 filing fee, and set a payment schedule pursuant to the PLRA, 28 U.S.C. § 1915(b)(1). *Scott v. New*, No. 1:08cv168 (N.D. Tex. Apr. 30, 2009). The inmate appealed, arguing that he should not have to pay two filing fees. *Scott*, 387 F. App'x at 470. The Fifth Circuit found that he had only been charged one fee and held that "regardless of IFP status, [petitioner] is required to pay the full district court filing fee pursuant to 28 U.S.C. § 1915(b)(1)." *Id.*

The PLRA therefore applies to this particular claim for mandamus relief, as do the fees associated with civil actions ($350 filing fee and $50 administrative fee). In light of this, the Court finds that this claim should be maintained via a separate civil action. Rather than sever this claim, it will be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case is **DISMISSED WITHOUT PREJUDICE**. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of Court shall amend the docket to add that Petitioner is also known as Lamarcus Lee Hillard. The Clerk shall mail this Order and the accompanying Final Judgment to Petitioner, addressing him as Walter Lee Gilbert, also known as Lamarcus Lee Hillard, # 99903-555.

**SO ORDERED AND ADJUDGED**, this the 30th day of June, 2016.

                                                  s/Carlton W. Reeves
                                                  UNITED STATES DISTRICT JUDGE